## C. I. T. CORPORATION v. McKENZIE et al.

Circuit Court of Appeals, Fifth Circuit. November 25, 1929.

No. 5442.

B. F. Woodruff, of Atlanta, Ga., Benjamin F. Neal, of Montezuma, Ga., and Robert S. Parker, of Atlanta, Ga. (Randolph, Parker & Fortson, of Atlanta, Ga., and Stanley B. Ecker, of New York City, on the brief), for appellant.

John E. Hall, Warren Grice, and Chas. J. Bloch, all of Macon, Ga. (Hall, Grice & Bloch, of Macon, Ga., and Jule Felton and John B. Guerry, both of Montezuma, Ga., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. On February 14, 1927, appellant, a simple contract creditor of T. H. McKenzie and Earl Willis, a partnership doing business as McKenzie-Willis Motor Company, filed a creditor's bill to set aside a conveyance of real estate from McKenzie to his mother, for an injunction to prevent the disposal of the property pending suit, and for a receiver. On May 1, 1928, a decree was rendered setting aside the conveyance, awarding judgment on the claim in the sum of $7,652.10, enjoining the defendants from disposing of the property, and reserving the right, upon proper showing by appellant, to appoint a receiver. Execution did not issue against the property on the money judgment. Subsequently, on May 12, 1928, McKenzie was adjudicated a bankrupt on his voluntary petition and surrendered the property in suit as an asset. In due course, appellee Greer was appointed trustee of his estate. Thereafter appellant filed a supplemental bill claiming a lien on the property by virtue of the former proceedings and asked for a receiver to take possession of it and to sell it. On June 15, 1928, the court declined to appoint a receiver, and dismissed the supplemental bill. From that judgment alone this appeal is prosecuted.

It is certain that the title to the property was in McKenzie at the moment of adjudication and passed to his trustee in bankruptcy. The judgment appealed from does not purport to change the status of the parties as it existed at the time of adjudication. At the time the supplemental bill was filed, the property was in the actual custody of the court through the trustee. It would have been vain to appoint a receiver in the circumstances. It is unnecessary to pass on the question as to whether appellant has a lien on the property by virtue of the judgment in its favor. Any right that appellant may

have to assert a lien against the property may be enforced in the bankruptcy proceedings.

Affirmed.